Edward F. Crawford, J.
Alfa Romeo, Inc., the defendant and third-party plaintiff, moved pursuant to CPLR 3126 to strike plaintiffs’ complaint and dismiss the causes of action asserted by plaintiffs for failure of plaintiffs to comply with a notice for discovery and inspection served on or about July 31, 1973 pursuant to CPLR 3120 which would require plaintiffs to produce for inspection the 1971 Alfa Romeo automobile which is the subject of the lawsuit at the offices of defendant in Englewood Cliffs, New Jersey at 10:30 a.m. on August 28, 1973.
Plaintiffs reside in Oneida Coxinty, bought the vehicle in question from third-party defendant in Oneida County, the lawsuit which is based in tort and contract, involving both alleged negligence in manufacture and breach of warranty, was commenced and is pending in Oneida County.
Alfa Romeo, Inc. also seeks dismissal upon the ground that plaintiffs failed to adequately answer written interrogatories which were propounded.
There is no question plaintiffs failed to move for a protective order pursuant to CPLR 3122. There is also no question but that an examination before trial upon oral questions was heretofore conducted and that Englewood Cliffs, New Jersey is approximately 200 miles from Utica, New York, plaintiffs’ residence and the situs of the action.
No party has cited any instances where out-of-State inspection of things located in New York has been ordered or denied and CPLR 3120 makes no mention of the place where inspection and examination may be conducted.
The courts have required nonresident parties to appear for examination in the State of New York (Gazerwitz v Adrian, 28 AD2d 556; 3A Weinstein-Korn-Miller, N.Y. Civ. Prac., par 3110.03). The same philosophy supporting jurisdiction over nondomiciliaries transacting business in the State of New York would be supportive of limiting the place of inspection and discovery to a place within the State. Certainly, CPLR 3110 limits examinations upon oral questions to locations within the. State of New York. If the same theory is followed, a New York party who could not be examined upon oral questions in New Jersey should not be required to drive his car there for the purpose of inspection. It further appears to the court that facilities for the inspection of the vehicle in question are present at the offices of third-party defendant *121 and that offers to permit inspection at such premises have heretofore been made.
While not ruling that in a proper case out-of-State inspection might not be ordered, this court does not feel that such inspection should be available in this case, and, despite the fact that plaintiffs failed to move for a protective order, the court must deny defendant’s motion insofar as it relates to nonproduction of the vehicle in the State of New Jersey.
Furthermore, the court will not grant defendant’s motion on the other basis sought. However, in exercising its general supervisory powers over disclosure, the court hereby requires the plaintiffs to serve supplemental answers to the request for written interrogatories to specifically and completely answer the following items of defendant’s demand, said answers to be served within 30 days from entry of the order hereon: 1, 3, 7, 8, 10, 13, 15, 16 and 17. The court finds the answers previously given to such interrogatories to be vague, equivocal and incomplete. Answers such as "numberous other defects” as set forth in paragraph 4 of plaintiffs’ answers are obviously inadequate as is the failure to specify the dates or approximate dates, times and places as requested. Furthermore, plaintiffs shall submit the vehicle in question for examination and inspection by defendant or its agents in Oneida County upon 10 days’ notice in writing as to time and place, said notice, should defendant Alfa Romeo, Inc. desire to give it, to be given within 90 days from date of the entry of the order hereon.